**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL | : | CIVIL ACTION |
| SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| RASA FLOORS, LP | : | NO. O8-00533 |

**MEMORANDUM RE: MOTION TO DISMISS -**
**PERSONAL JURISDICTION AND VENUE**

Baylson, J.                                                      November 4, 2008

**I.      Introduction**

    This suit arises out of a contract dispute between Plaintiff, De Lage Landen Financial

Services, Inc. ("DLL") and Defendant, Rasa Floors, LP ("Rasa").  DLL alleges that Rasa has

breached the contract by failing to make monthly payments owed to DLL under the contract.

Rasa has filed a Motion to Dismiss for lack of personal jurisdiction and improper venue.  For the

reasons set forth below, Defendant's Motion to Dismiss will be denied.[1]

**II.      Background**

    **A.      Facts**

    DLL, a Michigan corporation with its principal place of business in Pennsylvania, brings

this action against Rasa Floors, a Texas corporation with its principal place of business in Texas,

for breach of contract and unjust enrichment.  DLL claims that it has suffered a loss of

$100,273.84 due to Defendant's failure to make rental payments and that Defendant has been

---

[1]This is one of several cases filed by DLL in this Court, a number of which are assigned
to me as related cases.

unjustly enriched by the same amount.  DLL seeks damages in the amount of $100,273.84,

interest thereon, costs and attorneys' fees, and other equitable relief. (Compl. ¶s 19, 22.)

On December 6, 2005, Rasa signed a two-page Rental Agreement with DLL (the "Rental

Agreement"), which committed Rasa to thirty-six monthly payments of $8,563.32 to DLL in

exchange for the lease of phone equipment.  (Compl. ¶ 6, 10; Ex. A).[2]  The Rental Agreement

contained a clause, entitling but not obligating DLL to select jurisdiction for claims in the

Eastern District of Pennsylvania.[3]  (Compl. Ex. A, § 22).  In the upper left-hand corner of the

document, the Rental Agreement identified itself as a product of "Capital 4 Financial Services, a

Program of De Lage Landen Financial Services."  (Compl. Ex. A).  The Agreement also included

a clause requiring Rasa to make the payments to DLL, whether or not the supplier of the

equipment, Capital 4, maintained the services or equipment rented.  That clause specifically

---

[2]A day earlier, on December 5, Rasa had signed a one-page version of the same document
that contained virtually identical clauses, but DLL requested Rasa sign the two page agreement
on December 6, apparently because the two-page version is used for contracts valued at more
than $100,000 and the wrong version was initially given to Rasa on December 5.  (Def.'s
Hearing Brief at 3; Hr. Tr. Pgs. 24-25, 82-86).

[3]The clause at issue appears at Paragraph 22 and reads:

22.  CHOICE OF LAW: This Rental Agreement was made in the Commonwealth of
Pennsylvania (by US having countersigned it in Wayne, Pennsylvania); and it is to be performed
in the Commonwealth of Pennsylvania by reason of the Rental Payments YOU are required to
pay US in Pennsylvania.  This Rental Agreement shall in all respects be interpreted and all
transactions subject tot his Rental Agreement and all rights and liabilities of the parties under the
Rental Agreement shall be determined and governed as to their validity, interpretation,
enforcement and effect by the laws of the Commonwealth of Pennsylvania except for local filing
requirements.  YOU consent to and agree that non-exclusive jurisdiction, personal or otherwise,
over YOU and the Equipment shall be with the Courts of the Commonwealth of Pennsylvania or
the Federal District Court for the Eastern District of Pennsylvania solely at OUR option with
respect to any provision of this Rental Agreement.  YOU ALSO AGREE TO WAIVE YOUR
RIGHT TO A TRIAL BY JURY.

noted that any claims for services or maintenance "will not affect your [Rasa's] obligation to make all required rental payments."  (Compl. ¶ 8; Ex. A, § 7).  The Agreement further stated, "Your Rental obligations are absolute, unconditional, and are not subject to cancellation, reduction, setoff or counterclaim."  (Compl. ¶ 7; Ex. A, § 2).

The previous day, on December 5, 2005, Rasa had signed a Customer Agreement with Capital 4.  (Hr. Tr. Pg. 85).  Rasa asserts that the Rental Agreement and Customer Agreement were both part of an arrangement with Capital 4, a Texas corporation with its principal place of business in Texas,[4] to obtain telephone services as part of a program branded the "3Com Power of $Zero™ Program."[5]  (Def.'s Memo at 2-4).  According to Rasa, under the Power of $Zero™ Program, Capital 4 required its customers to secure financing from DLL through the Rental Agreement.  (Def.'s Memo, Ex. 1, Pg. 12, ¶ 17).  However, DLL was not a party to the Customer Agreement.  (See Def.'s Memo, Ex. 1, Pg. 16).  The Customer Agreement stated that Rasa would receive all phone services through Capital 4, which would buy out any of Rasa's existing phone

---

[4]There is no Texas corporation named "Capital 4 Financial Services," but a corporation is registered in the state as Capital 4, Inc., with the assumed name of "Capital 4 Financial Services."  At the evidentiary hearing, Plaintiff's witness, Mr. Majer, testified that "Capital 4 Financial Services" was a fictitious name used by Capital 4, Inc. in the program agreement with De Lage Landen.  (Pg. 40).

[5]3Com is a Delaware corporation with its principal place of business in Massachusetts. (Def.'s Memo, Ex.3) Capital 4 granted 3Com a non-exclusive, restricted and non-transferable license to use its Power of $Zero™ Program to market telephone and networking systems to customers nationwide. (Def.'s Memo, Ex. 4).  A separate, earlier, agreement established that Capital 4 would use 3Com products in all its systems.  (Def.'s Memo, Ex. 3).  Capital 4 retained exclusive rights to market and sell the Program in certain markets, including Texas.  (Def.'s Memo, Ex. 4).  Capital 4 continued to market the program as the 3Com Power of $Zero™ Solution, and a complaint filed against Capital 4 by 3Com on October  9, 2007 alleges, among other things, trademark infringement.  3com Corporation v. Capital 4, Inc. et al, S.D.N.Y. 07-cv-8707,  ¶158-171.

service contracts.  (Def.'s Memo, Ex. 1, Pg. 11).  Rasa contends it would also receive an up-front

cash payment of $39,215.63 from Capital 4.  (Def.'s Memo at 11).  Capital 4's standard practice

permitted all customers to choose either a cash payment, new telephone equipment, or a

combination of cash and equipment.  (Def.'s Memo, Ex. 1, Pg. 11, ¶2.)

The Customer Agreement contained a mandatory forum selection clause locating

exclusive jurisdiction in Harris County, Texas. (Def.'s Memo, Ex. 1, Pg. 14, ¶52).   The

Customer Agreement also stated that "all terms of the transactions between you [Rasa] and

Capital 4 are set forth in the 3Com Power of $Zero™ Customer Agreement including the

attached Schedule A and this section of the 3Com Power of Zero™ Solution website." (Def.'s

Memo, Ex. 1, Pg. 14, ¶52).   This Agreement specified that Rasa would enter into the separate

"Rental Agreement" with "Capital 4 Financial Services, a program of De Lage Laden Financial

Services," and that if Rasa terminated the service agreement for good cause according to Capital

4's procedures, Capital 4 would indemnify Rasa for any payments remaining under the Rental

Agreement.  (Def.'s Memo, Ex. 1, Pg. 12 ¶ 17, & Pg. 13 ¶s 33-34).

### B.    <u>Procedural History</u>

On February 1, 2008, DLL filed its Complaint against Rasa Floors for breach of contract.

(Doc. 1).  Rasa filed a Motion to Dismiss for lack of personal jurisdiction and improper venue on

May 22, 2008 (since amended), arguing that the proper forum was Texas due to the forum

selection clause found in the Customer Agreement, which Rasa suggests is to be read as

encompassing the Rental Agreement.  (Docs. 7, 10).  Defendants requested oral argument on

their Motion to Dismiss, (Doc. 16).  Because of the potentially conflicting forum selection

clauses and the allegations of the parties in the context of personal jurisdiction, the Court held an

evidentiary hearing on September 17, 2008, at which both parties presented witnesses and testimony on the issue of personal jurisdiction and venue.

**III.   Parties' Contentions**

Rasa first asserts that jurisdiction and venue is improper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(a)(2) because, under Third Circuit precedent, the situs of the payor (Defendant), rather than that of the payee (Plaintiff) determines venue when the alleged breach is a failure to pay sums owed under a contract.  Therefore, Texas, the location of Rasa, is the proper venue.

Rasa also argues that both the Rental Agreement and Customer Agreement should be construed as a single contract and governed by the Texas forum selection clause found in the Customer Agreement.  Under Rasa's interpretation, Capital 4 and DLL engaged in a joint enterprise to induce Rasa to participate in the 3Com Power of Zero Program.  Mr. Rasa testified that he was instructed to sign the Rental Agreement, which is referenced in the Customer Agreement, as part of his participation in the program and did so one day after he signed the Customer Agreement.  (Hr. Tr. Pg. 85).[6]  Based on the circumstances surrounding the execution of the two agreements, Rasa suggests the Court read the agreements as a single contract.  Where there are two clauses in a single contract that are contradictory or repugnant, the first clause to which the parties agree to must be given effect, and thus the Customer Agreement's forum selection clause prevails here.

_____

[6]Rasa's argument appears to ignore the one-page version of the Rental Agreement, which was also signed on December 5, 2005, the same day that Rasa signed the Customer Agreement. (Hr. Tr. Pg. 85).  The one-page version also contains a clause allowing DLL to sue in Pennsylvania and directing that Pennsylvania law be applied.  (Def.'s Memo, Ex. 1, Pg. 18).

In response, DLL contends that the Court should find jurisdiction based on the valid forum selection clause in the Rental Agreement unless that clause is a result of fraud or overreaching, would violate a strong public policy, or would result in litigation in a jurisdiction so inconvenient as to be unreasonable.  DLL asserts that Rasa has failed to provide evidence of any of these factors.  Although Rasa makes sweeping, general allegations of fraud, it does not argue that the forum selection clause itself was a product of fraud.  DLL asserts it is not a party to the Customer Agreement and that the Rental and Customer Agreements are wholly separate and independent.  DLL contends the two Agreements cannot be construed as one contract, especially when doing so produces an inharmonious result, i.e., there are conflicting forum selection and choice of law clauses- one that chooses the Eastern District of Pennsylvania and Pennsylvania law, the other that selects a Texas forum and Texas law.

Alternatively, DLL responds that even if the agreements are read in conjunction with one another, precedent requires this Court avoid nullifying any clauses if possible and give effect to both clauses by applying each forum selection clause to the claims arising from the relationship between the parties to the individual agreement in which that clause appears.

## IV. Legal Standards

### A.   Subject Matter Jurisdiction

This Court has jurisdiction over this matter pursuant to U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

-6-

B.     **Standards of Review**

1.     **Personal Jurisdiction**

When deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the allegations of the complaint are taken as true. However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996), cert. denied, 519 U.S. 1028 (1996). The plaintiff must establish those contacts with reasonable particularity. See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1996). Once the plaintiff makes out a prima facie case in favor of personal jurisdiction, the burden shifts to the defendant to establish that the presence of some other considerations would render jurisdiction unreasonable. See Cateret Sav. Bank v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992).

A federal district court may exercise personal jurisdiction "over a non-resident defendant to the extent permissible under the law of the state where the district court sits." Mellon Bank, 960 F.2d at 1221. Pennsylvania law provides that personal jurisdiction may be exercised if the parties consent. 42 Pa. Cons. Stat. Ann. § 5301(a). Where a party has consented to personal jurisdiction via a contractual provision, the minimum contacts due process analysis usually employed to analyze jurisdiction on a Rule 12(b)(2) motion to dismiss is not appropriate. Commerce Commercial Leasing, LLC v. Jay's Fabric Center, 2004 WL 2457737, at *1 n.1 (E.D. Pa. Nov. 2, 2004); Provident Mutual Life Ins. Co. v. Bickerstaff, 818 F. Supp. 116, 118 (E.D. Pa. 1993). Rather, the court only needs to consider whether the clause is valid and effective under the prevailing contract analysis. Commerce Commercial Leasing, 2004 WL 2457737, at *1 n.1.

Where jurisdiction is allegedly established through a contractual provision such as a forum selection clause, "the party seeking to avoid the forum selection clause has the burden of proving" the grounds for declaring the clause invalid.  Krauss v. Steelmaster Buildings LLC, 2006 WL 3097767, at *2 (E.D. Pa. Oct. 27, 2006).

### 2.   Venue

Venue in a diversity action is governed by 28 U.S.C. § 1391(a), which reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

When an action involves a defendant corporation, 28 U.S.C. § 1391(c) provides that a corporation resides in any judicial district in which it is subject to personal jurisdiction.

Under 28 U.S.C. § 1406, a district court may dismiss a case "laying venue in the wrong division or district."  In considering a motion to dismiss for improper venue under 12(b)(3),[7] the Court must generally accept as true the allegations in the complaint, unless contradicted by defendant's affidavits.  Holiday v. Bally's Park Place, Inc., 2007 WL 2600877, at *1 (E.D. Pa. Sep. 10, 2007).  The Third Circuit has held the movant bears the burden of demonstrating venue is improper.  Simon v. Ward, 80 F. Supp. 2d 464, 467 (E.D. Pa. 2000) (citing Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982)).  Furthermore, "the plaintiff's choice of venue

---

[7]Defendant did not specifically move under Rule 12(b)(3).  However, Defendant titled its motion, "Motion to Dismiss for Lack of In Personam Jurisdiction and Improper Venue," (Doc. 7), and addressed venue in its accompanying memorandum.  (Def.'s Memo at 19).  The Court will therefore treat the motion as arising under Rule 12(b)(3) as well.

should not be lightly disturbed." Simon, 80 F. Supp. 2d at 470 (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).  In Provident Mutual Life Insurance Co. of Philadelphia, the Court held when a forum selection clause exists, "its effect on the issue of the appropriateness of venue is essentially identical to its effect on the question of jurisdiction." 818 F. Supp. at 119; see also Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 293 (3d Cir. 1994) (suggesting in dictum that if a suit arises under an agreement containing a choice of venue provision, that provision would be "critical" in determining venue"); Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc., 825 F. Supp. 671 (D.N.J. 1993) (where parties have agreed to a "pre-specified venue(s), whether it be one prescribed by § 1391 or some other venue which would not be proper under § 1391, the [party] possesses a contractual, not a statutory, right to litigate in the pre-selected venue").

## V.    Analysis

### A.    The Forum-Selection Clause in the Rental Agreement is Valid and Personal Jurisdiction and Venue are Proper in the Eastern District of Pennsylvania

When examining the validity of a forum selection clause, a federal court sitting in diversity applies federal law.  Jumara v. State Farms Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). In Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., the Third Circuit recognized that forum selection clauses are presumptively valid and should be enforced unless a party objecting to enforcement of the clause establishes "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable."  709 F.2d 190, 202 (3d Cir. 1983).  However, Rasa has not

offered any arguments suggesting the clause falls under any of the three exceptions and has instead focused its attention on the construction of the contracts.

The Court does not find any indication in any of the documents provided by Defendant that the clause at issue was obtained through fraud.  While Defendant makes very sweeping allegations of fraud in their memorandum, (see Def.'s Memo at. 2-19), they do not suggest that the forum-selection clause itself was in anyway fraudulently obtained.  In fact, Michael Rasa testified that he signed both the Rental Agreement and the Customer Agreement without reading them, and did not note or examine the forum selection clauses.  He admitted that DLL did not make any representations, fraudulent or otherwise, about the clause.  (Hr. Tr. Pg. 88).  Notably, "[f]raudulent inducement as to the entire contract will not invalidate an otherwise valid forum selection clause" unless "the party challenging the clause . . . show[s] that the clause itself was procured through fraud."  Nemo Ass'n, Inc. v. Homeowners Mktg. Serv. Int'l, Inc., 942 F. Supp. 1025, 1028 (E.D. Pa. 1996).  Moreover, Rasa cannot escape the effect of the clause because it was unaware of the clause, as ignorance of a forum selection clause does not necessarily render the clause invalid under the test, absent evidence of fraud.  See Simeone v. Simeone, 581 A.2d 162, 165 (1990) (noting parties are normally bound to an agreement whether or not they read and understood the contractual terms); Patriot Commercial Leasing Co., Inc., v. Kremer Restaurant Enterprises, 915 A.2d 647, 651 (Pa. Super. 2006) (holding that failure to read terms in a contract is not a defense in a contract claim and thus the parties were bound by the forum selection clause in the contract).

Similarly, Defendant has not shown that enforcement of the clause would violate the public policy of Pennsylvania or Texas.  There is no reason to believe that Defendant will

somehow be deprived of its day in court if Plaintiff's claims were to remain in this forum.  See Fuller Co. v. RDM Tech. BV, 1999 WL 961217, at *3 (E.D. Pa. Oct 15, 1999) (upholding a forum selection clause where the defendant did not show that the inconvenience would be "so severe as to be deprive it of its day in court").  In addition, the Supreme Court has recognized that a strong presumption exists favoring jurisdiction in a forum where the plaintiff is resident and is thus choosing its home forum.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 236 (1981).  Here, Plaintiff is a resident of Pennsylvania and the Rental Agreement forum selection clause chooses a local forum and local law.

Finally, although litigating in Pennsylvania will admittedly be inconvenient for Defendant, that inconvenience "was foreseeable at the time of the [agreements] and does not, standing alone, render this Court's exercise of jurisdiction unreasonable." Fuller Co., 1999 WL 961217, at *3.  Defendant has not suggested that its witnesses would be unavailable or that they would otherwise be unable to litigate in Pennsylvania.  As such, the forum selection clause cannot be considered unreasonable or unjust.  See De Lage Landen Financial Servs., Inc. v. Mid-America Healthcare LP, 2008 WL 3889996, at *5 (E.D. Pa. Aug. 20, 2008) (finding a forum selection clause just and reasonable where defendant did not indicate witnesses would be unavailable or it would be unable to litigate in the designated forum).  Therefore, under the test set forth in Coastal Steel Corp., the Court concludes that the forum selection clause is valid and effective; both personal jurisdiction and venue are properly fixed by the clause within Pennsylvania.

**B.      At this Stage of the Case, the Court Cannot Conclude the Alternative Forum Selection Clause in the Customer Agreement Negates the Validity of the Clause in the Rental Agreement**

Defendant suggests that by reading the Rental and Customer Agreements together as one contract, the forum selection clause in the Rental Agreement must be nullified or ignored because of the contradictory clause in the Customer Agreement choosing a different forum.   However, at this stage of the proceedings, on a Rule 12 Motion to Dismiss for lack of personal jurisdiction and improper venue, the Court must reject Defendant's arguments, without prejudice, for several reasons.

First, DLL is not a party to the Customer Agreement and did not include allegations concerning the Customer Agreement in its Complaint.  On a Rule 12 Motion, the Court's analysis is confined to the allegations of the Complaint.  Although a Court can consider documents attached to the complaint, see Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994), in this case, the Plaintiff only alleges claims regarding the Rental Agreement in its Complaint and the parties dispute the relationship of the Rental and Customer Agreements in their briefs.  Rasa's reliance on the Customer Agreement cannot, as a matter of law, at this stage of the proceedings, supercede the unambiguous forum selection clause of the Rental Agreement relied on by DLL in its Complaint.

Secondly, Mr. Rasa testified that he did not read or pay any attention to the forum selection clauses in either the Rental Agreement or the Customer Agreement (Hr. Tr. Pg. 83-84), and therefore, Rasa cannot now claim it intended either forum selection clause to apply.  In contrast, DLL has indicated that it selects Pennsylvania in its standard forum-selection clause because its company is headquartered in Wayne, Pennsylvania, it disburses funds from that

location, and a majority of its U.S. employees are located there.  (Hr. Tr. Pg. 28).

Third, the arguments presented by Defendant concern contractual interpretation and factual analysis that is not appropriately decided on a motion to dismiss for lack of personal jurisdiction and improper venue.   Although a reading of the two Agreements shows that they are related, Rasa's answer (to be filed) and any counterclaim (if it is filed), coupled with discovery, may reveal important facts under which this Court (or the jury) can fairly determine Rasa's argument that the two Agreements should be considered together.  However, the Court cannot await completing discovery to decide the issue of personal jurisdiction and venue.

The Court emphasizes that at this point it is only adjudicating a Motion to Dismiss for lack of personal jurisdiction and improper venue, and finds that Plaintiff has satisfied its burden of proof that by virtue of the terms of the Rental Agreement, which is the only Agreement signed by both DLL and Rasa, this Court has personal jurisdiction over Defendant and venue is proper here.  All other issues remain for further consideration.

## VI.   Conclusion

Thus, under the Third Circuit analysis, Plaintiff and Defendant have entered into a contract, the Rental Agreement, with a valid forum selection clause that fixes personal jurisdiction and venue in the Eastern District of Pennsylvania.[8]  Therefore,  Defendant's motion

---

[8]The Court rejects Defendant's argument that venue is improper under § 1391(a)(2) as it holds that the forum selection clause represents a valid consent to jurisdiction and venue in Pennsylvania.

Furthermore, the Court notes that Defendant did not move under 28 U.S.C. § 1404 for a transfer of venue.  Rather, the Defendant simply requested a dismissal of claim for improper venue, which is properly raised under § 1406.  Therefore, the Court will not engage in the balancing of factors associated with analysis under §1404(a) to determine if venue is appropriate elsewhere.  See De Lage Landen Financial Servs., Inc. v. Mid-America Healthcare LP, 2008 WL 3889996, at *6-8  (E.D. Pa. Aug. 20, 2008).  Rather, this Court merely concludes that the forum

to dismiss for lack of <u>in personam</u> jurisdiction and improper venue is denied.

An appropriate Order follows.

---

selection clause, and the choice of venue contained within it, are valid and effective.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL | : | CIVIL ACTION |
| SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| RASA FLOORS, LP | : | NO. O8-00533 |

<u>**ORDER**</u>

AND NOW, this 4th day of November, 2008, for the reasons stated in the foregoing

Memorandum, it is hereby ORDERED that Defendant's Motion to Dismiss for lack of personal

jurisdiction and improper venue (Doc. No. 7) is DENIED.

BY THE COURT:

 /s Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\DeLage v. Rasa - Memo Mot Dismiss personal jurisdiction & venue.wpd